IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID D. MCBREEN, §<br>    Petitioner, §<br> §<br>v. §<br> §<br>LORIE DAVIS, *Director,* TDCJ-CID §<br>    Respondent. § | No. 3:17-cv-1965-M (BT) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner David McBreen, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the magistrate judge recommends that the petition be transferred to the Fifth Circuit Court of Appeals as successive.

I.

Petitioner challenges his two convictions for aggravated sexual assault of a child under 14 years of age. *State v. McBreen*, Nos. F02-0225496-IV and F02-25497-IV (292nd Jud. Dist. Ct., Dallas County., Tex., Aug. 28, 2003). He was sentenced to thirty years in prison in each case, to run consecutively.

1

On November 14, 2005, the Fifth District Court of Appeals modified the judgment in F02-25497-IV and affirmed both convictions. *McBreen v. State*, Nos. 05-03-01424-CR and 05-03-01425-CR, 2005 WL 3032496 (Tex. App. – Dallas, 2005, no pet.). On January 30, 2006, Petitioner filed a motion for extension of time to file a petition for discretionary review in each case, which the Court of Criminal Appeals denied. (PD-0157-06, PD-0158-06). Petitioner did not file a petition for discretionary review.

On April 19, 2006, Petitioner filed a state habeas petition challenging each conviction. *Ex parte McBreen*, Nos. 65,363-01, -02. On August 16, 2006, the Court of Criminal Appeals denied the petitions without written order on the findings of the trial court without a hearing.

On November 20, 2006, Petitioner filed his first § 2254 petition. *McBreen v. Quarterman*, No. 3:06-cv-2154-B, 2009 WL 1181062 (N.D. Tex.). On April 30, 2009, the district court denied the petition. On February 23, 2010, the Fifth Circuit Court of Appeals denied a certificate of appealability.

On September 16, 2009, Petitioner filed a motion for leave to file a successive § 2254 petition with the Fifth Circuit. *In re McBreen*, No. 09-10930 (5th Cir. 2009). On November 19, 2009, the Fifth Circuit denied the

motion as premature because his appeal of the district court's denial of his habeas petition was still pending.

On March 19, 2017, Petitioner filed a second state habeas petition challenging each conviction. *Ex parte McBreen*, No. 65,363-03, -04. On June 21, 2017, the Court of Criminal Appeals dismissed the petitions as subsequent.

On July 18, 2017, Petitioner filed the instant § 2254 petition. He alleges his TDCJ records showed that his convictions were running concurrently, but on April 22, 2016, TDCJ changed the records to reflect that the convictions were running consecutively. He argues this alleged change violated the Double Jeopardy Clause and constituted cruel and unusual punishment. He also argues that the state habeas court abused its discretion when it dismissed his March 19, 2017 habeas petitions without obtaining a response from TDCJ. He seeks an order that his sentences run concurrently.

On March 8, 2018, Respondent filed her answer arguing, *inter alia*, that this petition is successive. On June 8, 2018, Petitioner filed a reply.

II.

Respondent argues the petition is second or successive, and therefore the Court lacks jurisdiction to consider the petition. "A petition is not second or successive merely because it follows an earlier federal application." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). It is successive when it either presents a challenge to the petitioner's conviction or sentence that could have been raised in an earlier petition, or when it is an "abuse of the writ." *Id.* at 836-38. To determine whether a petition is second or successive, the court must analyze whether the challenge presented in a second habeas petition occurred before the petitioner filed his first habeas petition. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

Here, Petitioner could have raised his current challenge to his consecutive sentences in his previous § 2254 petition. Petitioner states the trial judge informed him the day after sentencing that his sentences would run consecutively. (ECF No. 17-50 at 13.) Although the judgment in F02-25497-IV failed to state that the sentence would run consecutively to the sentence in F02-25495-IV, the judgment was modified on direct appeal to accurately reflect that the sentences would run consecutively. *McBreen*,

4

2005 WL 3032496 at *4.  Petitioner was aware that his sentences were running consecutively, and he challenged the stacked sentences in his November 20, 2006, state habeas petitions.  He also challenged the consecutive sentences in his September 16, 2009, § 2254 petition.  Petitioner therefore knew, at the time he filed his first § 2254 petition that his sentences were running consecutively.  If his TDCJ records prior to April 22, 2016, showed that his sentences were running concurrently, he could have argued in his first § 2254 petition that his sentences should run concurrently based on the TDCJ records.  The Court therefore finds this petition is successive.

    The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief.  ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996).  A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral

5

review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

### III.

For the reasons stated, the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed June 29, 2018.

                                                                     REBECCA RUTHERFORD
                                                                     UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).